# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

─────────────────────────────────────────────

ERIC L. TOLONEN,

        Petitioner,

v.                                                           Case No. 09-CV-498

RANDY HEPP,

        Respondent.

─────────────────────────────────────────────

## ORDER

On May 18, 2009, Eric L. Tolonen ("Tolonen") filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). On June 12, 2003, a jury sitting in Washington County Circuit Court found Tolonen guilty of first degree reckless homicide as a party to a crime. On August 11, 2003, Tolonen was sentenced to 20 years imprisonment and 30 years supervised release. He is currently confined to the Stanley Correctional Institution in Stanley, Wisconsin. Along with his petition, Tolonen has filed motions for leave to proceed *in forma pauperis* and to appoint counsel. Before considering these motions, the court reviews Tolonen's petition pursuant to Rule 4 of the Rules Governing Section 2254 Cases ("Rule 4").

Rule 4 requires the court to conduct an initial screening of habeas corpus petitions and to dismiss a petition summarily where "it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." This rule provides the court with the power to dismiss those petitions that do not state a claim upon which

relief may be granted, and those petitions that are factually frivolous. *See Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). As part of its Rule 4 review, the court will analyze whether the petitioner has avoided statute of limitations bars, exhausted available state remedies, avoided procedural default, and set forth cognizable constitutional or federal law claims.

The court begins its Rule 4 review by examining Tolonen's petition for timeliness. A state prisoner in custody pursuant to a state court judgment has one year from the date "the judgment became final" to seek federal habeas relief. 28 U.S.C. § 2244(d)(1)(A). A judgment becomes final within the meaning of Section 2244(d)(1)(A) when all direct appeals in the state courts are concluded followed by either the completion or denial of certiorari proceedings in the U.S. Supreme Court, or, if certiorari is not sought, at the expiration of the 90 days allowed for filing for certiorari. *See Anderson v. Litscher*, 281 F.3d 672, 675 (7th Cir. 2002).

Here, Tolonen first appealed his conviction directly to the Wisconsin Court of Appeals on the ground that his trial should have been severed from that of a co-defendant. The court of appeals affirmed the judgment of conviction on February 9, 2005. The Wisconsin Supreme Court denied review on June 2, 2005. Tolonen did not seek a writ of certiorari from the United States Supreme Court. On or about April 29, 2006, Tolonen filed a post-conviction motion claiming that his trial counsel and appellate counsel on direct appeal were ineffective. After the Washington County Circuit Court judge denied the motion, Tolonen appealed. On August 13, 2008, the

Wisconsin Court of Appeals affirmed the circuit court's decision, and the Wisconsin Supreme Court denied review on October 15, 2008. On October 27, 2008, Tolonen petitioned for a writ of habeas corpus in the Wisconsin Court of Appeals, which the court of appeals denied on January 8, 2009. After the court of appeals denied Tolonen's motion for reconsideration, Tolonen appealed again to the Wisconsin Supreme Court, which denied review on May 12, 2009.

Based on an initial review of this procedural history, Tolonen's federal habeas petition appears timely. Tolonen's state court judgment of conviction became final on or about September 2, 2005, 90 days after the Wisconsin Supreme Court denied review of his direct appeal. Under 28 U.S.C. § 2244(d)(2), the time during which a properly filed application for state post-conviction or collateral review of a judgment of conviction is pending is not counted against the one year limitations period. *See Brooks v. Walls*, 301 F.3d 839, 839-40 (7th Cir. 2002). Approximately 239 days passed between September 2, 2005, and April 29, 2006, the date on which Tolonen filed his first motion for post-conviction relief in state court. However, Tolonen's post-conviction and state habeas petitions were pending in state court until May 12, 2009. Therefore, Tolonen's federal habeas petition, filed on May 18, 2009, appears to be well within the one year limitations period.[1]

---

[1] The court notes parenthetically that this is only a preliminary finding on the issue of timeliness because the court lacks sufficient information on the complete time line of Tolonen's state court proceedings.

The court continues its Rule 4 review by examining Tolonen's petition to determine whether he has exhausted his state remedies. The court may not address the merits of the constitutional claims raised in a federal habeas petition "unless the state courts have had a full and fair opportunity to review them." *Farrell v. Lane*, 939 F.2d 409, 410 (7th Cir. 1991). Accordingly, a state prisoner is required to exhaust the remedies available in state court before a district court will consider the merits of a federal habeas petition. 28 U.S.C. § 2254(b)(1)(A). A prisoner exhausts his constitutional claim when he presents it to the highest state court for a ruling on the merits. *Simmons v. Gramley*, 915 F.2d 1128, 1132 (7th Cir. 1990). Once the state's highest court has had a full and fair opportunity to pass upon the merits of the claim, a prisoner is not required to present it again to the state courts. *Humphrey v. Cady*, 405 U.S. 504, 516 n.18 (1972).

Here, it appears that Tolonen has exhausted his state remedies. Although Tolonen lists four grounds for relief in his petition, the court construes his petition liberally to state three claims: (1) that the state court's denial of Tolonen's request for severance of his trial from that of his co-defendant violated his due process rights under the Fourteenth Amendment; (2) that Tolonen's trial counsel was ineffective; and (3) that Tolonen's appellate counsel was ineffective.[2] Tolonen's first claim was presented and rejected by the Wisconsin Court of Appeals on his direct appeal, and

---

[2] Tolonen's fourth claim of relief, that the state courts failed to consider the cumulative effects of his trial and appellate counsels' errors, appears to be an argument made within the context of Tolonen's ineffective assistance of counsel claims.

-4-

his second and third claims were considered and rejected by the same court on Tolonen's motion for post-conviction relief and his state habeas petition. Therefore, it appears that all of his federal claims were presented to the state courts.

The court next reviews Tolonen's petition under Rule 4 to determine whether he has procedurally defaulted on any of his claims. Even though a constitutional claim in a federal habeas petition has been exhausted, the court is still barred from considering the claim if it has been procedurally defaulted by the petitioner. *See Mahaffey v. Schomig*, 294 F.3d 907, 915 (7th Cir. 2002). A state prisoner procedurally defaults on a constitutional claim in a habeas petition when he fails to raise the claim in the state's highest court in a timely fashion. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999). A state prisoner may also procedurally default on a constitutional claim in a habeas petition by failing to raise the claim in a manner prescribed by state procedural laws. *See Thomas v. McCaughtry*, 201 F.3d 995, 1000 (7th Cir. 2000).

Here, based on the multiple state court opinions Tolonen included with his petition, Tolonen's constitutional claims appear to have been raised in a timely fashion in state court. Therefore, the court finds that Tolonen has not procedurally defaulted on the three claims listed above.

The court concludes its Rule 4 review by screening for patently frivolous and speculative claims in Tolonen's federal habeas petition. *Small v. Endicott*, 998 F.2d 411, 414 (7th Cir. 1993). Because it does not plainly appear Tolonen's claims are

Case 2:09-cv-00498-JPS    Filed 07/14/09    Page 5 of 8    Document 7

frivolous or speculative, the court will direct the respondent to file an answer to the claims presented in his petition.

The court now turns to Tolonen's motion to proceed *in forma pauperis*. When reviewing a habeas petitioner's request for pauper status, the court must make a preliminary determination as to whether the petitioner is indigent and that his petition is neither frivolous nor malicious. *See generally Flick v. Blevins*, 887 F.2d 778, 781 (7th Cir. 1989). In an affidavit submitted in support of his motion, Tolonen claims that his monthly income is $16.74. His prisoner trust account statement reflects an average monthly balance of $517.05 for the six months preceding the filing of his habeas petition. Tolonen, however, claims he has an outstanding fine due in the amount of $17,683.17 from his state court conviction. Accordingly, the court finds that Tolonen has established his indigence and his motion to proceed *in forma pauperis* will be granted.

Finally, Tolonen moves for appointment of counsel. Because the court deems his motion premature, the court will deny the motion without prejudice. In general, prisoners have no constitutional right to appointed counsel when seeking collateral relief from their convictions. *See Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987) (holding "that the right to appointed counsel extends to the first appeal of right, and no further). A district court may, however, appoint counsel for a petitioner who is unable to afford counsel. *See* 28 U.S.C. § 2254(h); *see also* 28 U.S.C. § 1915(e)(1). Before requesting counsel to represent an indigent litigant, the court considers

-6-

whether the litigant has made reasonable efforts to retain counsel or whether the litigant has been precluded from making such efforts, the difficulty of the case, as well as the competence of the litigant, and whether counsel would affect the outcome of the case. *See Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007) (citations omitted). While it appears that Tolonen has made several unsuccessful attempts to retain counsel, the court is unable to determine the difficulty of the issues presented or Tolonen's competence to represent himself at this early stage.

The petitioner is advised that he must send copies of all future filings with the court to counsel for respondent, whether in letter, brief, memorandum, or other form. Until respondent files his or her answer, these copies should be sent to Assistant Attorney General Gregory M. Weber at 17 W. Main Street, P.O. Box 7857, Madison, WI 53707-7857. After the answer is filed, copies should be sent to the Assistant Attorney General who filed the answer.

Accordingly,

**IT IS ORDERED** that petitioner's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that petitioner's motion to appoint counsel (Docket #4) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that the parties in this action shall proceed in accordance with the following briefing schedule:

1. Respondent shall file an answer to the claims in the petition within thirty (30) days of service thereof.

2. Petitioner shall file a supporting brief, with reasons why the writ of habeas corpus should be issued, within sixty (60) days of service of respondent's answer.

3. Respondent shall file an opposition brief, with reasons why the writ of habeas corpus should not be issued, within sixty (60) days of service of petitioner's brief, or within one hundred and twenty (120) days from the date of this order if no brief is filed by petitioner.

Pursuant to Rule 4 of the Rules Governing Section 2254 Cases, the clerk is directed to serve a copy of the petition and this order on the respondent and on Assistant Attorney General Gregory M. Weber.

Dated at Milwaukee, Wisconsin, this 14th day of July, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge