## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

_____

ERIC L. TOLONEN,

           Petitioner,

v.                                                                   Case No. 09-CV-498

RANDY HEPP,

           Respondent.

_____

## ORDER

The *pro se* petitioner, Eric. L. Tolonen ("Tolonen"), was convicted of first degree reckless homicide in a Washington County Circuit Court in June of 2003. After a lengthy and unsuccessful appeals process in the Wisconsin state court system, on May 18, 2009, Tolonen filed a petition seeking a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docket #1). On July 14, 2009, this court, performing a Rule 4 screening as required by federal habeas law, allowed Tolonen's petition to proceed to the briefing stage and granted the petitioner's motion to proceed *in forma pauperis.* (Docket #7). The court, however, denied the petitioner's motion for appointment of counsel, finding that the motion was premature given that the court was unable to determine the difficulty of the issues presented or the competency of Tolonen to represent himself. (Docket #7). In the July 14, 2009 order, the court set deadlines for the filing of the respondent's answer to the petition, the petitioner's supporting brief, and the respondent's opposition brief. (Docket #7).

Following the court's order, the petitioner filed a glut of motions in the last month and a half which are the subject of the current order. Specifically, Tolonen has made motions: (1) for "leave to use [the] original record (Docket #13); (2) for leave to proceed *in forma pauperis* (Docket #19); (3) to appoint counsel (Docket #20); (4) for an evidentiary hearing (Docket #21); and (5) to hold in abeyance the motion for an evidentiary hearing (Docket #23). The court will address each motion accordingly.

**Motion for "Leave to Use [the] Original Record"**

On July 23, 2009, the petitioner filed a motion that asked the court "permission to use the original record." (Pet'r's Mot. 1). The court is unclear on what the petitioner is exactly requesting,[1] but it appears, after liberally construing the petitioner's motion, that Tolonen is asking this court for permission to proceed in this action without having the burden of reproducing the records of the criminal proceedings that occurred in the Wisconsin state court system. The court believes Tolonen is confused: no rule governing habeas appeals requires that the petitioner furnish the court with the records of the prior state proceedings. In fact, Rule 5 of the Habeas Corpus Rules requires the *government* to attach to its answer to a habeas petition "such portions of the transcripts as the answering party deems relevant." *See* Rule 5, Rules Governing Section 2255 Cases in the District Courts.

---

[1] Tolonen's motion cites to Fed. R. App. P. 24(c) as the basis for his request. Fed. R. App. P. 24(c) allows a party who is proceeding on appeal *in forma pauperis* to request that the appeal be heard on the original record. Given that the petitioner is not appealing his federal case, this rule is inapplicable.

-2-

A court may, *sua sponte* or upon the petitioner's request, order that further portions of the transcript be furnished. *Id.* In that Tolonen has indicated that he possesses the necessary records to proceed with his petition, the court will grant Tolonen's first motion. However, the court does not acknowledge the legal necessity of Tolonen's motion.

**Motion to Proceed *In Forma Pauperis***

On September 3, 2009, the petitioner made a motion to proceed *in forma pauperis.* The petitioner's motion baffles the court, as the petitioner made the exact same motion in May of 2009 which this court *granted* in its July 14, 2009 order. (Docket #7). As the petitioner has already been granted permission to proceed *in forma pauperis*, his motion is moot.

**Motion to Appoint Counsel**

The petitioner has also moved this court to appoint him counsel. (Docket #20). This is the second time the petitioner has made this motion. (Docket #4). The court denied the petitioner's first motion for appointment of counsel two months ago, finding the motion to be premature. Having read Tolonen's brief in support of his petition, this court can reach the merits of this motion.

There is no right to counsel in a federal habeas corpus proceeding. *Wright v. West*, 505 U.S. 277, 293 (1992) (plurality) ("We have held that the Constitution guarantees the right to counsel on a first direct appeal . . . but that it guarantees no right to counsel on habeas.") If a petitioner qualifies under 18 U.S.C. § 3006A(g),

counsel shall be appointed, if necessary, for effective utilization of discovery procedures, if an evidentiary hearing is required, or if the interests of justice so requires. *See* Rules 6(a) & 8(c), Rules Governing Section 2255 Cases in the District Courts. A court may, in its discretion, appoint counsel for an indigent plaintiff in a civil action if the court determines that, "given the difficulty of the case, . . . the plaintiff [does not] appear to be competent to try it himself and . . . the presence of counsel [would make] a difference in the outcome." *Farmer v. Haas*, 990 F.2d 319, 322 (7th Cir. 1993). However, "appointing counsel for pro se petitioners in habeas corpus cases is a power commended to the discretion of the district court in all but the most extraordinary circumstances." *Winsett v. Washington*, 130 F.3d 269, 281 (7th Cir. 1997).

Here, the claim underlying Tolonen's petition is an ineffective assistance of counsel claim. (Docket #24). The petitioner has personal knowledge of the events supporting his claim. The legal issues involved do not appear to be overly complex, nor does the petitioner provide any reason why, given the issues in his petition, the presence of counsel would make a difference in the outcome of the litigation. Moreover, the arguments set forth in Tolonen's petition indicate that the petitioner will be able to competently present his claims without the need of counsel. As such, Tolonen's motion is denied.

**Motions for an Evidentiary Hearing and to "Hold in Abeyance" the Motion for an Evidentiary Hearing**

On September 3, 2009, the petitioner filed a motion for an evidentiary hearing. (Docket #21). One week later, Tolonen filed a "motion to hold in abeyance motion for evidentiary hearing," noting that he was unaware at the time of his first motion that motions for evidentiary hearings typically are filed after all briefing on the matter is complete. (Docket #23).

"In deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief." *Schriro v. Landrigan*, 550 U.S. 465, 472 (2007). Here, given the early stage of the litigation, the petitioner was correct to note the premature nature of the motion, as the court has not yet decided on the merits of the claim, let alone on whether further factual development is needed to prove the petitioner's allegations. As such, the court will deny the original motion. Likewise, the petitioner's motion to hold the motion for an evidentiary hearing in abeyance is also denied, as the need for an evidentiary hearing may prove unnecessary upon this court's examination of the petitioner's brief in support, the government's response, and the petitioner's reply.

In closing, the court notes that the petitioner has now filed what borders on an excessive number of motions during the early stages of this litigation. What troubles this court most is that nearly all of Tolonen's motions were either wholly baseless, had already been resolved by this court, or were extremely premature. A modicum

of legal research, a task the petitioner has demonstrated he has the capability of performing, would have illustrated the frivolity of Tolonen's motions. The court reminds the petitioner that with every frivolous motion that is filed, the court's time and resources are focused on issues besides the ultimate resolution of the claims underlying the petition, an outcome that can only serve to punish the petitioner.

Accordingly,

**IT IS ORDERED** that petitioner's Motion for Leave to Use Original Record (Docket #13) be and the same is hereby **GRANTED**;

**IT IS FURTHER ORDERED** that petitioner's Motion for Leave to Proceed *in forma pauperis* (Docket #19) be and the same is hereby **DENIED as moot**;

**IT IS FURTHER ORDERED** that petitioner's Motion to Appoint Counsel (Docket #20) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's Motion for Evidentiary Hearing (Docket #21) be and the same is hereby **DENIED**;

**IT IS FURTHER ORDERED** that petitioner's Motion to Hold in Abeyance Motion for Evidentiary Hearing (Docket #23) be and the same is hereby **DENIED**.

Dated at Milwaukee, Wisconsin, this 30th day of September, 2009.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge